** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMUEL T. MCCARTY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1-11-CV-323 |
| v. | § | |
| | § | JUDGE RON CLARK |
| I.S.C. CONSTRUCTORS, L.L.C., | § | |
| | § | SJF |
| *Defendant.* | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant has moved for summary judgment on Plaintiff's Fair Labor Standards Act claims. Doc. # 25. The time for which Plaintiff says he was not paid was spent riding a bus to and from his work site. That time falls within the Portal-to-Portal Act and is noncompensable time. For the reasons stated below, Defendant's motion for summary judgment is GRANTED.

## I.      Background

This matter is one of a number of cases relating to the Motiva SBU2 Crude Expansion Project in Port Arthur, Texas. Defendant was a subcontractor at the Motiva site. Defendant employed Plaintiff as an electrician, from February 21, 2011 until Plaintiff's voluntary resignation on March 1, 2011. While the parties dispute the exact semantics of Plaintiff's job responsibilities, his work included running electrical cables and conduit.

Defendant's employees, including Plaintiff, parked at an offsite facility on Spur 93. The employees entered a secure area, accessed with their Motiva-issued security badges, and boarded buses to the Motiva site. Plaintiff typically rode the 6:15 am bus. While on the bus, Plaintiff had to adhere to a general code of conduct, including no smoking, eating, or fighting, but otherwise did not perform any work related duties on the bus. Plaintiff was free to use the time as he saw

fit, including talking to his coworkers, sitting quietly, reading, or listening to a radio. Plaintiff's shift began at 7:00 am and lasted until 5:30 pm, at which point, he boarded a bus and returned to his car. The bus ride took up to sixty minutes each way.

Plaintiff brought this suit, on behalf of himself and other similarly situated employees, on June 30, 2011. On March 15, 2012, summary judgment was granted in another case related to the busing of workers at the Motiva site. *Griffin v. S&B Eng'rs & Constructors, Ltd.*., No. 1:11-cv-60-MAC (E.D. Tex. Mar., 15, 2012). Defendant filed its motion for summary judgment on April 3, 2012, based, in part, on the *Griffin* decision. Doc. # 25. On April 13, 2012, this court entered a stay in this case, pending the outcome of the appeal of *Griffin*. Doc. # 28. The Fifth Circuit affirmed the decision in *Griffin*, and the Supreme Court denied certiorari. *Griffin v. S&B Eng'rs & Constructors, Ltd.*, 507 F. App'x 377 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 111 (2013). After the conclusion of the appeals in *Griffin*, the court lifted the stay. Doc. # 30. Defendant's motion for summary judgment is now ripe.

## II.     Applicable Law

A.  Summary Judgment Standard

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356. Fed. R. Civ. P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense), nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. But, the court is not going to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) (citations omitted); *see also* Local Rule CV-56(c) and Appendix 1, ¶ 3 of the Order Governing Proceedings in this case. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. However, only *reasonable* inferences in favor

3

of the nonmoving party can be drawn from the evidence.  *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

B.  Noncompensable Transportation Time

The Fair Labor Standards Act requires employers to pay their employees an hourly minimum wage for their time on the job.  29 U.S.C. § 206.  Travel time does not necessarily fall within compensable time.  Under the Portal-to-Portal Act, employers do not have to compensate their employees for "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities."  29 U.S.C. § 254.  The Fifth Circuit case law discusses a number of factors to aid in determining what work falls within the Portal-to-Portal exception: (1) whether the workers performed work before or during the bus ride; (2) whether the workers loaded tools or engaged in preparative activities prior to transport; (3) the level of instruction about work related activities; (4) whether the bus ride was mandatory; (5) the length of time; (6) whether there was travel between job sites.  *Vega v. Gasper*, 36 F.3d 417, 425 (5th Cir. 1994).  Whether the transportation system was mandatory is not dispositive.  *Griffin*, 507 F. App'x at 382.

### III.    Analysis

A.  Defendant is Entitled to Summary Judgment on the Busing Claim

Defendant argues that it is entitled to summary judgment in this matter because the time that Plaintiff rode the bus between the parking lot and the Motiva site falls within the Portal-to-Portal exception, particularly in light of the decision in *Griffin*, which involves a nearly identical set of facts.  Plaintiff performed no work prior to or during his bus ride.  There were no preparative activities at the parking lot.  Plaintiff could use his time as he saw fit on the bus ride, other than for basic safety and civility rules.  The parties dispute the exact length of the bus ride,

but both agree it was less than an hour each way.  That is less than half the length of the bus ride

the Fifth Circuit held was noncompensable in *Vega*.  *See Vega*, 36 F.3d at 423-25.  Plaintiff's bus

ride was between the parking lot and the Motiva site, not between job sites.  The fact that the bus

ride was mandatory does not make the time compensable.  *Griffin*, 507 F. App'x at 382.

Based on these facts, and in light of the case law, Plaintiff's travel time falls within the

Portal-to-Portal Act and is noncompensable time.  Plaintiff even admits in his response that the

claim related to travel time on the bus fails in light of the *Griffin* decision.  Doc. # 32, p. 1.

Defendant is entitled to summary judgment on the travel time claims.

B.  Plaintiff Cannot Avoid Summary Judgment by Expanding the Scope of His Claims in
his Summary Judgment Response

Plaintiff attempts to avoid summary judgment by arguing that this case is not simply the

fact pattern in *Griffin*, but rather that it includes waiting time and mandatory work activities.  The

Amended Complaint does not support these allegations.  The factual allegations only address the

busing.  Doc. # 3.  Additionally, at Plaintiff's deposition, taken on February 24, 2012, Plaintiff

states that his only claims relate to time he spent being bused.  Doc. # 36-10.  The proposed

notice for potential class members, submitted by Plaintiff on December 19, 2011, only discusses

busing claims.  Doc. # 19-1.  It is only now, after the Fifth Circuit affirmed *Griffin* and the

Supreme Court denied certiorari, that Plaintiff attempts to argue his complaint encompasses

other claims.  At no point did Plaintiff seek leave to amend to include other claims.

Summary judgment for defendant is proper on claims that a plaintiff did not plead within

the four corners of the complaint.  *Muttathottil v. Gordon H. Mansfield*, 381 F. App'x 454, 457

(5th Cir. 2010).  Plaintiff's complaint did not plead any claims other than compensation for

travel time; however, Plaintiff attempts to raise waiting time and mandatory work claims in his

response to Defendant's motion for summary judgment.  As Plaintiff did not plead waiting time

5

or mandatory work claims within the four corners of his complaint, Defendant is entitled to summary judgment on those issues.

### IV.     Conclusion

Defendant's motion for summary judgment on busing between the secure parking lot and the Motiva site is granted.  Plaintiff failed to plead any other claims within the four corners of his complaint.  IT IS THEREFORE ORDERED that Defendant's motion for summary judgment (Doc. # 25) is GRANTED.

So **ORDERED** and **SIGNED** this **24** day of **February, 2015.**

_____
Ron Clark, United States District Judge